# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL ALLAN CLARK,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:11-CV-00585-KJD-(LRL)

**ORDER**

    Petitioner, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1), a motion for leave to file a petition longer than normal (#3), and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is not able to pay the filing fee. The court grants petitioner's motion to file a long petition. The court has reviewed the petition, and petitioner will need to file an amended petition on the court's form.

    Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts and this court's local rule LSR 3-1 require a petitioner proceeding pro se to use the court's form when filing a petition for a writ of habeas corpus. Petitioner did not comply with this rule, and that has caused multiple problems. First, in many of the grounds for relief petitioner refers to other pages. For example, ground 8 refers to pages 11 through 14, and pages 16 through 20. Second, different grounds refer to the same pages. For example, grounds 8, 10, and 11 refer to the same pages. The court will not jump back and forth through the petition, trying to determine which facts apply to which grounds, and the court will not require respondents to do the same; doing so would

only lead to confusion over what petitioner's claims actually are.  In an amended petition, petitioner will need to allege the facts that relate to each ground separate from all other grounds.  Third, much of the petition is legal argument.  Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, petitioner need only specify his grounds for relief and state the facts that support each ground.  See Mayle v. Felix, 545 U.S. 644, 649 (2005).  Legal argument is unnecessary in a petition.  Petitioner should omit legal argument in his amended petition.

Petitioner has submitted a motion to extend prison copywork limit (#2).  Petitioner does not have a right to free photocopying.  Johnson v. Moore, 942 F.2d 517 (9th Cir. 1991).  However, a court can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties.

The court is not convinced that even limited photocopying is necessary at this time.  In addition to the indigent inmate photocopying allowance, Nevada prisons also make carbon paper available for copies.  Administrative Regulation 722.  Petitioner has not alleged how carbon paper is inadequate for any pleadings, motions, or responses which he might file and serve.  He does note that he might need to photocopy exhibits, but no such necessity currently exists.  Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondents need to provide with their answer appellate briefs and orders, as well as pertinent portions of the transcripts.  If, after respondents file and serve their answer or other response with their supporting exhibits, it becomes necessary for petitioner to file and serve his own exhibits, the court will then entertain a motion for petitioner to exceed the prison's limit on indigent photocopy work.

IT IS THEREFORE ORDERED that petitioner's application to proceed in forma pauperis (#1) is **GRANTED**.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a petition longer than normal (#3) is **GRANTED**.  The clerk of the court shall file the petition for a writ of habeas corpus.

IT IS FURTHER ORDERED that petitioner's motion to extend prison copywork limit (#2) is **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 2:11-CV-00585-KJD-(LRL), above the word "AMENDED."

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: June 6, 2011

_____
KENT J. DAWSON
United States District Judge