UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL ALLAN CLARK,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:11-cv-00585-KJD-PAL

**ORDER**

    Before the court are the amended petition for writ of habeas corpus (#35), respondents' motion to dismiss (#46), petitioner's opposition (#51) and errata (#55), and respondents' reply (#56). The court grants the motion in part for the reasons stated below.

    Respondents argue that grounds 2, 5, and 8 of the amended petition (#35) are not timely because they do not relate back to the original petition (#6). Petitioner mailed his original, <u>pro se</u> petition (#6) to the court within the one-year period of limitation set forth in 28 U.S.C. § 2244(d). Petitioner filed the amended petition (#35) after expiration of the one-year period. To be timely, any new grounds in the amended petition need to relate back to the original petition. A new ground relates back if it is supported by facts that are the same in both time and type as those facts set forth in the original petition. <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 650 (2005).

    Ground 2 is a claim that petitioner was deprived of effective assistance of counsel because the trial court did not conduct an adequate inquiry into petitioner's claims that the relationship between him and counsel had broken down. Petitioner further argues that if the trial court had made such an inquiry, it would have appointed substitute counsel. This is a new ground in the amended

petition; petitioner had claimed in the original petition that he should have been allowed to represent himself at trial because the attorney-client relationship had broken down, but he never claimed that he should have been appointed new counsel. The court agrees with petitioner that ground 2 of the amended petition uses the same facts that petitioner used in grounds 17, 21, 22, and 45 of his original petition (#6). Ground 2 relates back to the original petition, and it is timely.

Ground 5 is a claim of violations of petitioner's rights to a fair trial, confrontation, and due process because petitioner was excluded from participation in the peremptory challenges of prospective jurors. This is a new ground. However, it uses the same facts that petitioner used in ground 43 of his original petition (#6). Ground 5 relates back to the original petition, and it is timely.

Ground 8 is a claim that petitioner's sentence is grossly disproportionate to the crime, in violation of the Eighth Amendment. This is a new ground. Regarding relation back, the court is not persuaded by petitioner's argument that he tried to incorporate by reference a document that he did not submit with his original petition, because the court did not possess that document. The court also finds unpersuasive petitioner's argument that the Nevada Supreme Court considered this claim, and that he attached the decision of that court to his original petition (#6). Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires petitioner to put all relevant facts in the petition itself. The court told petitioner, proceeding pro se at the time, that he needed to allege all his grounds for relief and supporting facts on the petition form. He could not expect the court and the respondents to jump back and forth through all those documents to find his claims. Order (#5). Ground 8 does not relate back to the original petition, and the court dismisses it as untimely.

Respondents argue that petitioner has not exhausted his state-court remedies for grounds 2 and 5. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

1    Ground 2 is a claim that if the trial court had inquired adequately into petitioner's claim that
2 the attorney-client relationship had broken down, then the trial court would have appointed
3 substitute counsel. Respondents argue that ground 2 is unexhausted to the extent that the trial court
4 should have appointed substitute counsel. Petitioner argues that he presented this claim to the
5 Nevada Supreme Court on direct appeal through this subject heading: "The court erred in denying
6 Mr. Clark substitution, thus reversal is automatic." Ex. 62, at 41 (#40). There is nothing in the
7 body of the following argument that the court should have appointed substitute counsel. Instead,
8 when the court places that subject heading into the context of the surrounding arguments, it is
9 referring to petitioner's request to represent himself. Petitioner has not exhausted his claim that the
10 trial court would have appointed substitute counsel if it had inquired adequately into the attorney-
11 client conflict. Ground 2 is not exhausted in part.

12    Ground 5 is a claim of violations of petitioner's rights to a fair trial, confrontation, and due
13 process because petitioner was excluded from participation in the peremptory challenges of of
14 prospective jurors. Petitioner did present the same claim on direct appeal. In both direct appeal and
15 in this court, the prospective juror at issue is the same, juror number 9. See Ex. 62, at 47-50 (#40).
16 The Nevada Supreme Court recognized the claim and ruled upon it. Ex. 65, at 6 (#40). There might
17 be an issue whether this court can consider Exhibit 9, the transcript of jury selection, in its
18 evaluation of ground 5. The Nevada Supreme Court did not have that transcript on direct appeal,
19 and this court's review of state-court decisions pursuant to 28 U.S.C. § 2254(d) is limited to the
20 record before the state court. However, the facts in the transcript do not fundamentally alter the
21 claim. See Vasquez v. Hillery, 474 U.S. 254, 260 (1986). Ground 5 is exhausted.

22    Respondents argue that ground 2 fails to state a claim. The court is not persuaded by
23 respondents' argument for two reasons. First, part of ground 2 is not exhausted, and petitioner will
24 need to determine what to do with that part of the ground. Second, respondent's argument is better
25 stated in an answer on the merits of the petition.

26    Respondents ask the court to strike exhibits 8, 9, and 11, because they have not been
27 presented to the state courts. The argument is based upon Cullen v. Pinholster, 131 S. Ct. 1388
28 (2011). Pinholster held that this court's review of a state-court decision pursuant to 28 U.S.C.

-3-

§ 2254(d)(1) is limited to the record that was before the state court when it made its decision. However, if the court determines that § 2254(d)(1) does not apply, then there is no such limitation. At this stage of the proceeding, the court cannot determine whether § 2254(d)(1) applies. The court will not strike these exhibits. The parties may argue in the answer and the reply whether the court may consider those exhibits in its evaluation of the merits of the amended petition.

The amended petition (#35) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#46) is **GRANTED** in part. Ground 8 of the amended petition is **DISMISSED** with prejudice as untimely. The part of ground 2 of the amended petition described above is unexhausted.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of the above-described part of ground 2, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED: March 31, 2014

_____
KENT J. DAWSON
United States District Judge